MCGREGOR W. SCOTT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:18-MC-00128-MCE-CKD |
|---|---|
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $13,000.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On or about April 7, 2018, agents with the United States Postal Inspection Service ("USPIS") seized approximately $13,000.00 in U.S. Currency ("the defendant currency") from Alexis Palmer ("Palmer") during a parcel interdiction at the Postal Facility on Royal Oaks Drive in Sacramento, California.

2. USPIS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about June 6, 2018, USPIS received a claim from Palmer and Collin Gray ("Gray") asserting an ownership interest in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that on April 6, 2018, USPIS conducted a parcel interdiction at the Postal Facility at 2000 Royal Oaks Drive in Sacramento, California. During the interdiction, law enforcement officials identified a parcel that bore

1

markers consistent with parcels used for shipping contraband. The package was addressed to Molly Butterfield ("Butterfield"), PO Box 479, El Dorado, California, 95623, with the following return address: Alexis Palmer, 236 Sail Winds Road, Mooresville, North Carolina, 28115.

4. The United States represents that it could further show at a forfeiture trial that on April 7, 2018, law enforcement was contacted by Butterfield, who told them she was expecting a parcel but did not know the contents. When asked for consent to inspect the parcel, Butterfield ended the phone call, but called back a few minutes later to explain she was scared and that is why she lied. Butterfield told law enforcement that the parcel contained $13,000 in cash to purchase a vehicle from her boyfriend and gave consent to open the parcel. Butterfield said the buyer was Collin Gray and her boyfriend had known Gray for years.

5. The United States represents that it could further show at a forfeiture trial that Butterfield stated the vehicle was being sold for $20,000 and the $13,000 in the parcel was an initial payment. She also told law enforcement officials that Gray was flying out the following week to pay the remaining $7,000. The $13,000 was a partial payment made by Gray because he did not want to travel with the entire $20,000.

6. The United States represents that it could further show at a forfeiture trial that law enforcement officials called Gray, who told law enforcement officials that he purchased a plane ticket for California so he could pay the rest of the amount owed for the truck and arrange to ship it back to North Carolina. Gray said he had been saving up to purchase the truck and that he has owned a dog walking business since December of 2017.

7. The United States represents that it could further show at a forfeiture trial when law enforcement officials opened the parcel, they found three vacuum-sealed bags of cash hidden inside a box that was inside a bag and wrapped in clothing. The cash totaled $13,000.00 in U.S. Currency. The defendant currency was comprised of 34 - $100 bills, 26 - $50 bills, 410 - $20 bills and 2 - $10 bills.

8. The United States represents that it could further show at a forfeiture trial that the parcel was presented to a drug detection dog, who positively alerted to the presence of the odor of narcotics.

9. The United States could further show at a forfeiture trial that the defendant currency is

2

forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

10. Without admitting the truth of the factual assertions contained in this stipulation, claimants Palmer and Gray specifically deny the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimants agree that an adequate factual basis exists to support forfeiture of the defendant currency. Palmer and Gray acknowledged that they are the sole owners of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimants shall hold harmless and indemnify the United States, as set forth below.

11. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

12. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

13. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

14. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

15. Upon entry of this Consent Judgment of Forfeiture, $6,500.00 of the Approximately $13,000.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

16. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $6,500.00 of the Approximately $13,000.00 in U.S. Currency shall be returned to claimants Alexis Palmer and Collin Gray through their attorney Isaac Safier.

17. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out

of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimants Palmer and Gray waived the provisions of California Civil Code § 1542.

18. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

19. All parties will bear their own costs and attorney's fees.

20. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

Dated: November 26, 2018

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE